NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERSEY CITY INCINERATOR AUTHORITY,<br><br>              Plaintiff,<br><br>v.<br><br>BP INC., as the managing general underwriter for COMBINED INSURANCE COMPANY OF AMERICA and COMBINED INSURANCE COMPANY OF AMERICA,<br><br>              Defendants. | Civil Action No.: 10-56 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court on a motion to dismiss the Complaint filed by Defendant Combined Insurance Company of America ("Combined"). This Court has considered the submissions made in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Combined's motion to dismiss.

I.    BACKGROUND

Plaintiff, the Jersey City Incinerator Authority ("JCIA"), provides a Jersey City Incinerator Authority Health Care Plan ("the Plan") to its employees for the benefit of its employees and their eligible dependents. (See Defs.' Notice of Removal, Ex.D.) Under a Group Insurance Policy of Excess Loss Insurance ("Excess Loss Policy") issued by Combined, JCIA

can receive a reimbursement for payments made by JCIA on behalf of "Covered Participants" in its Plan. (Id., Ex. C, at 3.)

On September 11, 2008, a dependent of a JCIA employee was prematurely born. (See Pl.'s Opp'n to Defs.' Mot. to Dismiss Compl. for Failure to State a Claim [hereinafter "Pl.'s Opp'n"], at 3; Compl. ¶ 3.) The employee did not notify JCIA's Personnel Department of the birth of the child until October 17, 2008. (Pl.'s Opp'n, at 3.) JCIA paid the medical expenses of the newborn, which after the deductible totaled $259,432.64. (Compl. ¶ 3.) JCIA seeks reimbursement for these expenses from Combined pursuant to the Excess Loss Policy. (Id.)

JCIA's Plan, in a section titled "General Enrollment Requirements," provides:

> An Employee must enroll for coverage by filling out and signing an enrollment application. It is the responsibility of the covered Employee to enroll his or her Dependent(s). If the covered Employee already has Dependent coverage, a newborn child will be covered from birth provided a completed and signed enrollment application is submitted, as indicated [in the Plan].

(Defs.' Notice of Removal, Ex. D, at 5.) With respect to coverage for newborn children, the Plan provides:

> A newborn child of a covered Employee who has Dependent coverage is not automatically enrolled in this plan. . . . If the newborn child is required to be enrolled and is not enrolled in the plan on timely basis as defined in the section "Timely Enrollments" . . ., there will be no payment from the plan and the covered parent is responsible for all costs.

(Id.) The "Timely Enrollments" section of the JCIA Plan states that notification of enrollment must be received by the Plan Administrator "no later than thirty-one (31) days after the person becomes eligible for coverage." (Id.) In the case of a newborn child, the Plan provides that the dependent enrollment period begins on the date of the dependent's birth. (Id., at 6.)

## II. LEGAL STANDARD

In general, for a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  However, "a document integral to or explicitly relied on in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted, alteration in original).  Here, JCIA's Complaint refers to JCIA's and Combined's plan documents; they are integral to its claim.  Therefore, the plan documents are properly considered by the Court for purposes of the present motion to dismiss.

## III. DISCUSSION

JCIA argues that Combined willfully breached its Excess Loss Policy by Combined's failure to reimburse it for the medical expenses incurred for the newborn child.  Combined argues that JCIA is not entitled to reimbursement because JCIA's employee did not timely enroll the newborn baby in the JCIA Plan.  Thus, Combined argues that the newborn is not a "Covered Participant" under its Excess Loss Policy.

### A.      ERISA Preemption

JCIA's breach of contract based claim alleges that "[Combined] willfully breached its contract with [JCIA]."  (Compl., ¶ 6.)  Combined argues that this claim, which seeks reimbursement of employee welfare benefits, is preempted by § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA").  Section 502(a)(1)(B) permits a plan beneficiary to bring a claim for benefits under an ERISA plan. 29 U.S.C. § 1132(1)(B).  In its Complaint, JCIA brings its claim as a state law, not ERISA, claim.  However, in its opposition to Combined's motion to dismiss, it makes arguments pursuant to ERISA provisions.  Therefore, JCIA does not appear to challenge Combined's assertion that, to the extent JCIA is asserting a state law claim for benefits under the ERISA plan, that claim is preempted and must be analyzed within the ERISA framework to determine if relief is available.  This Court agrees that JCIA's claim is properly analyzed as an ERISA claim for benefits.

### B.      Claim for ERISA Benefits under § 1132(a)(1)(B)

The Third Circuit has held that "breach of contract principles, applied as a matter of federal law, govern claims for benefits due under an ERISA plan." Hooven v. Exxon Mobil Corp., 465 F.3d 566, 572 (3d Cir. 2006) (internal quotations omitted).  Applying these principals, "[t]he written terms of the plan documents control." In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig., 58 F.3d 896, 902 (3d. Cir. 1995).  Therefore, a court is "required to enforce the Plan as written," Bauer v. Summit Bancorp, 325 F.3d 155, 160 (3d Cir. 2003); see also Henglein v. Colt Indus., 260 F.3d 201, 215 (3d Cir. 2001) (stating that "the courts are not at liberty to rewrite the terms of an ERISA plan").  Additionally, "straightforward language . . . [in an ERISA plan document] should be given its natural meaning." Bill Gray Enters. v. Gourley, 248 F.3d

206, 220 n.13 (3d Cir. 2001) (alteration in original).

As noted above, the JCIA Plan provides that "[i]f the covered Employee already has Dependent coverage, a newborn child will be covered from birth *provided* a completed and signed enrollment application is submitted" in accordance with the Plan requirements. (Defs.' Notice of Removal, Ex. D, at 5 (emphasis added).) Additionally, the Plan explicitly provides that "[a] newborn child of a covered Employee who has Dependent coverage *is not automatically enrolled* in this Plan," and that "[i]f the newborn child is required to be enrolled and is not enrolled in the Plan on timely basis as defined in the section 'Timely Enrollments' . . ., there will be no payment from the Plan and the covered parent is responsible for all costs." (Id. (emphasis added).) Thus, the JCIA Plan, in clear and unambiguous terms, states that a newborn child is not automatically enrolled in the Plan, and that if not timely enrolled, "the covered parent is responsible for all costs."

JCIA concedes that "the employee did not enroll the dependent newborn until after 6 days had passed from the enrollment period." (Pl.'s Opp'n, at 5.) Nevertheless, JCIA contends that the act of enrolling in the plan is "ministerial in nature and not a condition precedent to becoming eligible for benefits under the plan," citing Epright v. Environmental Resources Management, Inc. Health and Welfare Plan, 81 F.3d 335 (3d Cir. 1996). (Id., at 3-4.) JCIA argues that Combined is responsible for the $259,432.64 of medical expenses because Combined has not been prejudiced by the six days late notice of enrollment. Contrary to JCIA's argument, the Third Circuit in Epright did not create a general exception excusing application of clear ERISA plan requirements for any action deemed "ministerial" in nature. Rather, the Third Circuit noted that "failure to satisfy a condition should be excused if the *other party* thwarted fulfillment of the

condition." Id., at 341 n.1 (emphasis added).  Applying this concept, the Third Circuit held that "[t]o the extent that completed enrollment forms are a prerequisite to eligibility for Plan benefits, such a requirement is excused . . . [where failure to timely enroll in a plan] is due to the defendant's mistake, and not the plaintiff's." Id., at 341.  The Court finds that JCIA's reliance on Epright is missplaced; here, the failure to timely enroll the newborn was due solely to the fault of the employee, not the Plan administrator or Combined.  Regardless how sympathetic the reason may be for the lack of timely enrollment, the Court is not free to rewrite the terms of the clear and unambiguous JCIA Plan.  JCIA, in its Plan, could have, but did not, provide for the type of contingencies presented in this case.  Therefore, since the newborn was not timely enrolled in the Plan, the newborn was not a Covered Participant under the Plan and, as such, any medical bills paid by JCIA on the dependent's behalf are not covered by the terms of Combined's Excess Loss Policy.

### IV. CONCLUSION

For the foregoing reasons, Combined's motion to dismiss JCIA's Complaint is granted.  An appropriate Order accompanies this Opinion.

DATED: March 8, 2010

/s/ Jose L. Linares  
JOSE L. LINARES  
UNITED STATES DISTRICT JUDGE